The Fourth District Appellate Court of the State of Illinois has now convened, the Honorable John W. Turner presiding. Thank you. Good afternoon, everyone. Or, we're still in the morning. Good morning. This is case number 4210749. That's People v. Walker. Will the attorney for the appellate please state your name for the record? Yes, Karen Weiber. And for the appellee, would you please identify yourself? David J. Robinson for the state. Thank you. Mr. Weiber, you may proceed with your argument. Thank you, Your Honor. And if I may, I would like to reserve maybe about five minutes of my time for rebuttal. Yes, that will be taken care of by the bailiff. Great. Thank you very much. May it please the court, counsel? Your Honors, we have raised one issue on appeal from the summary dismissal of Alfred Walker's pro se post-conviction petition. That issue being whether he pled the gist of an arguable claim that he was denied the effective assistance of both trial and appellate counsel. Now, that claim is premised on two different errors by trial counsel that we are alleging that were not raised on the direct appeal. The first of those related to the testimony of state's witness Darla Powell. Mrs. Powell testified to the invasion of her home that was the event that gave rise to the criminal charges in this case. During that testimony, she stated that one of the offenders involved referred to another as Mac. Now, that was significant because there was evidence produced at trial that Mr. Walker's nickname is Big Mac or Fat Mac. Now, at the hearing on the motion for new trial in this case, defense counsel openly stated that he was caught by surprise by that testimony, that maybe he should have done something about it and observed that he might have been ineffective for not addressing it. But more specifically, counsel noted that Mrs. Powell had never mentioned that statement to anyone previously. How do we know that? That was defense counsel's statement. During the motion for new trial, defense counsel stated she never said that to anyone before. Are you sure about that? I read what counsel said. I don't recall that that was the precise statement that was made. There are a couple of different pages of the transcript where he refers to that. On one of them, he simply refers to the fact that maybe I was ineffective. But prior to that, he does say when he's talking about initially when the statement was given, he says that was a surprise. And he says she never said that to anybody. We do have the citation to the record in our briefs. I could I can try to pull it up here. I don't have it immediately right at hand. But didn't he didn't he refer to a couple of interviews that she had given for the police officers or one of the detectives or investigator? Yes. OK, well, are they in the record? We don't have the interviews in the record. We simply have her testimony about the interviews. And because she was never asked about the statement, she never will. Shouldn't the interviews be included with the petition? The interviews, those materials that the petition that the statute requires, like an affidavit or other materials, be attached to the petition. Isn't that incumbent upon you, the defendant, to include those? Well, I would note that here at the first stage, the Illinois Supreme Court has held that the standards for that are relatively minimal and indeed other evidence. And where a claim can be shown on the record, the record can suffice. Now, here, defense counsel stated on the record, she never said this before, that we would say both as an officer of court and of the court and as taking the evidence presented as true at the first stage of proceedings. That statement indicates that, indeed, she did not ever mention this previously. Well, that was an argument presented by defense counsel in a post-trial motion, right? Yes. OK, I'm trying to figure out how that's relevant to what we're arguing here on appeal. What argument, how the argument from defense counsel on post-trial motion, why would it make any difference to us? Because the claim at issue is a claim of ineffective assistance of counsel and trial counsel noted that he may have been ineffective for not acting on that and then was clear about why he should have acted on it because it had not been mentioned previously. OK, how would he act on that? Well, as we noted in our briefs, what should have happened would be impeaching Mrs. Powell with the fact that she had not mentioned that statement previously, despite the fact that she had been involved in several interviews where it would have been expected that that statement would have come up. OK, tell me how you do that. I used to try a lot of cases and I'm trying to figure out what defense counsel should have said when she said something to the effect where one of the one of the perpetrators said, Mac, check out the basement or something like that. What what what was defense counsel supposed to say? Well, I would imagine at that point, defense counsel would have asked, for example, you were you were interviewed by police on thus and such date, were you not? Yes. And did you tell the police on that particular date that you heard one of the offenders refer to Mac? She says no again. Well, if she says no, then where do we go from there? Then you would address the next interview, did you mention in this interview and you would impeach her with the fact that although there were two occasions when she would have been expected to have mentioned this statement, particularly we know the police were asking her explicitly about Alfred Walker. And we know that they had suggested they thought Walker was involved. Her husband knew Walker as Mac, as Big Mac or Fat Mac. You would then impeach her with that omission when she did not make the statement when she would have been expected to do so. And then if the defendant could have shown that she had not made that statement before but was making it in her sworn testimony trial, this would have caused the trial judge to find the defendant not guilty. Is that what you're saying? Or a reasonable probability of the outcome being different? Is that what you're arguing? Well, Your Honor, I'd have to address that on a couple levels. First, that's one part of what we're arguing. There is also a second error by counsel that we are also arguing also would have made a difference. Second, the circuit court actually relied explicitly quite heavily on that statement and on Mrs. Powell's testimony. So anything that could impeach Mrs. Powell's credibility as a witness certainly had the potential to make a difference in this case. The court actually delayed its ruling in this case in order to order a transcript of Mrs. Powell's testimony and review that testimony again. And both when finding Mr. Walker guilty and when denying his motion for new trial, the circuit court explicitly referred to that Mac statement as support for its findings. So we do believe it's a significant piece of evidence and that being able to impeach that piece of evidence would have been of value to Mr. Walker's defense. But as mentioned, that is one of two errors that we believe counsel committed in this case that were not raised on direct appeal. The second involves a number of hearsay statements that were made by detectives during Mr. Walker's custodial interview. Now, those statements all related to a man named Jamal Park, whom the police were alleging was involved in this offense. The police stated that Mr. Parks was a known member of a ripoff crew in Chicago. They stated that he had been identified as one of the offenders in this case. They stated they referred to as being a dangerous man. They said they believed he intended they were so certain he was involved in this offense and they believed he intended to kill the victims in this offense. None of those statements were substantively admissible. Now, as we noted in our briefs, they may have been admissible for the limited purpose of showing Mr. Walker's reaction to that. But as a matter of substantive evidence against Mr. Walker, none of those statements was admissible. However, defense counsel did not file a motion in limine seeking to limit that admissibility. He did not object when these statements entered into evidence. He did not argue at any point during the trial that the circuit court should not consider that as substantive evidence. In fact, when the interview was being admitted into evidence, counsel noted not any of those statements, but a couple other statements that he believed were not properly admissible that were part of the statement and told the court that he was agreeing to go ahead and let all of that in. So this evidence was not only completely inadmissible, it was also very harmful to Mr. Walker. The evidence against Mr. Walker in this case was entirely circumstantial and was largely premised on connecting Mr. Parks to this offense and then connecting Mr. Walker to the offense via Parks. In particular, they relied on a series of phone calls between Mr. Walker's phone and a phone registered to Jamal Parks. Now, when you allow evidence to come in that ties Jamal Parks to this offense, as a matter of necessity, that then ties Mr. Walker to the offense via these phone calls. However, absent all of these hearsay statements by detectives, the evidence that Mr. Parks was involved in this at all ultimately comes down to just the fact that his fingerprint was on a pizza box. The phone calls between Mr. Walker and Mr. Parks are only relevant if you believe that either Mr. Walker or Mr. Parks are involved in this offense. Otherwise, it's just two people calling each other, which is not by any means inherently incriminating. Now, again, the circuit court very clearly found Parks' involvement in this case significant. It emphasized, again, both when finding Mr. Walker guilty and when denying the motion for new trial, it emphasized that it had no question whatsoever that Jamal Parks was involved in this offense. However, as noted, there was very little actually substantively admissible evidence that was ever admitted on that point. Now, and even in this court, we would note in this court's decision on direct appeal, this court noted some of this evidence regarding Jamal Parks as part of its discussion of sufficiency, which was, of course, proper. At that point, it was a sufficiency of the evidence challenge. The admissibility of this evidence had never been challenged, and even if it had been, when considering sufficiency, this court is required to give even improperly admitted evidence its natural probative value. But it does show the significance of this evidence to the way this case turned out. And certainly, had counsel properly prevented that evidence from getting admitted, and this being the first stage, he not only only has to show a reasonable chance that the outcome would have been different, which several courts have noted can be less than 50%, but at this stage, he only has to show that it's arguable that there is a reasonable chance. And we certainly would say that given the prominence that Jamal Parks' evidence had in this case, combined with the effect of Mrs. Powell's Max statement, certainly it is at least arguable that had counsel done the appropriate thing and impeached the one piece of evidence and prevented the admission of the other, or at least the substantive admission of the other, it is at least arguable that the outcome of this case would have been different. Your Honors, I would like to just briefly address a couple of points that came up in the state's brief. As to waiver, there has been no waiver of either of these claims. Mr. Walker is at the first stage. He is not required to cite legal authority or make legal arguments. And in fact, under the act, he is precluded from doing so in his petition. It states that such arguments should be omitted. He said that his trial attorney was ineffective for failing to challenge Mrs. Powell's testimony regarding the Max statement. That is exactly what we have raised here on appeal. He further stated that his trial attorney was ineffective for failing to file a motion in limine and failing to challenge the admissibility of his custodial interview. And we have simply argued that he was indeed ineffective for failing to challenge the admissibility of portions of that interview. And finally, just a second point that I would address briefly, the state raises a number of arguments regarding trial strategy in its briefs. That is, A, under People v. Tate, simply not appropriate to the first stage. The Supreme Court has been very explicit about that. And B, even if it were, as we discussed in our briefs, we don't believe that an argument could be made that if there was trial strategy here, it was sound trial strategy. As noted, tying Mr. Parks to this offense had the effect of necessarily tying Alfred Walker to the offense. There's simply no way that it's reasonable to choose to do that. So if your honors don't have any other questions, then I will say what I have left for rebuttal. Thank you very much. OK, I see no further questions. Thank you. You will have rebuttal, Mr. Robinson. Thank you, Justice Turner. May it please the court. I think I'd be remiss if I didn't point out that Mr. Major sends his regrets. This is the second argument that I've taken over for him in the last eight months or so. He's recovering from the second in a series of those heart surgeries. And so he did want me to let the court know that he intends on coming back and fighting the good fight in the future. But he wanted me to let you know that. OK, thank you. Having said that, I think that this case is most appropriately viewed through the prism of the reality of this case, which is that this was a case, a bench trial, and the defendant filed a pro se petition, post-conviction petition, that the trial judge who presided over that bench trial thoroughly reviewed. There are two arguments that are on appeal here that I think the trial judge did a very good job of sort of outlining and addressing. There are other arguments in the petition that are not put forward here on appeal that the judge dispensed with, in particular, paragraphs 12 and 13 from the court's November 18, 2021 order, which, as these things go in my experience, is quite a lengthy written order. Paragraph 12 relates to petitioner's claim that counsel... Well, I hate to interject now, Mr. Robinson, but I think it's a good time. I'm sorry to do it now. Of course. But the court's in an administrative role here. By virtue of drafting this nice long order and having these findings, doesn't that cut against the fact that the issue is a very simple one, and whether or not there's a gist of a constitutional issue, and if it's an arguable claim at all, doesn't that advance the next stage? Your point's well taken, Judge, except that was a roundabout way of getting to my point, which was the two claims that are advanced here are encompassed in paragraphs 12 and 13, a very small cross-section of this longer order. Now, again, the vast majority of the order lays out the background and the issues related to defendant's claims as to sentencing. The entire context of these two arguments that are now advanced on appeal relate to probably 12 to 15 lines in that entire order. And the one is ineffectiveness by failing to challenge defendant's video statement to detectives. That's one. And two, this is paragraph 13, failing to challenge the testimony of Darla when she identified a person using defendant's nickname or street name while the incident was taking place. As to the first, this is very simple. If the court takes a look at our page 8 from our brief and the factual background, this is illustrative of this entire case in my view. This is defense counsel interacting regarding this video statement. Defense counsel, judge, for the court's concerns, the parts that are inadmissible are simply talking about the fact that the detective, my client, this is a serious case, look at how high your bond is. It's a million dollars. The grand jury signed a warrant. Things of that nature, I absolutely agree, would not be appropriate for a jury. But, and we emphasize this, this judge will take it in its proper consideration. I will actually argue it goes to my client's mental state at the time. So this counsel's, with all due respect, counsel's argument on appeal is divorced from the reality of what happens during a bench trial. Counsel knows below that regardless of whether he objects to this or tries to keep portions out, this judge is going to hear every word of that. So the judge is not, is acting as a fact finder in the role of a jury, but the judge is presumed to know the law and to separate what is admissible from what's not admissible. And clearly what the defense attorney wanted here was for the judge to hear it all in context because he wanted the judge to understand what his client's state of mind was because it was going to tee up his arguments. This gets to strategy a bit and I'll talk about Tate very briefly. But, but let's, let's, let's break it up and I hate to interrupt, but I'm going to do so again. This line of argument really calls for the use of emotion lemonade. I mean, you're getting the strategy and things. Counsel is not allowed to simply let it all in. Council needs to preserve the record object where necessary and preserve the rights of his client. So, I mean, I get what I absolutely get where you're going with the bench trial argument, but there's still a record to be preserved. Well, there is judge, except that this goes to to the, the strategy component because and again, I think Tate is really instructive on this because here there was no reason for emotion and lemonade. This defense counsel didn't want that. He wanted the judge to hear every word. He wanted the judge to see what the police asked him what the context of that was. And we point that out in our brief, simply to point out that the reality that he wants the judge in framing up this argument that his that his client was sort of drug along into some of this. And, in fact, was was in part of victim that aren't there other mechanisms that an offer of proof motion eliminate somehow putting that before the judge without allowing it to come in. Substantively in the trial for all time. Well, I suppose you could if that was the strategy that you were pursuing. But again, the, the, the defense is pretty much left with in reality again, what his client has left him with. So defense counsel is left with what did my client tell the police already? I have to craft my argument and my approach in this bench trial around that. There's there's no doubt in my mind that if this would have gone to a trial before a jury that the defendant that defense counsel would have tried to trim some edges of that. But even those things were completely unnecessary because his entire thrust at the trial was to show that, hey, look at my client. This is not a guy that's engaging with these folks. He's he's also a victim in this case. And I'll tell you, it was it was quite a good strategy, to be honest with you. He was acquitted on the attempt murder count. And I think the judge makes note of that in the order. And because I'm talking about strategy, I do want to talk about Tate very briefly, judge, because counsel represented that Tate is, quote unquote, very explicit about the fact that first stage strategy cannot be considered at first stage. I vehemently disagree with that. We didn't go in depth in response in our brief just simply accepting their argument for what it was. But what Tate actually says is that a case may not be summarily dismissed if it, quote, is arguable that counsel's performance fell below an objective standard and two, it is arguable that the defendant was prejudiced. It's a recitation of what the arguable standard is. It just so happened that in Tate, it was a question of trial strategy regarding an alibi witness, whether you would call this witness or that witness. The Supreme Court standard with respect to post-conviction petitions still stands, which is if the record affirmatively rebuts the claims made, then it can be dismissed at the first stage and should be. And that's why I emphasize here on page eight, his strategy here is absolutely clear as to the video, certainly as to the video. He says, judge, I want you to consider all this because I want to argue it goes to my client's mental state. OK, Mr. Robinson, let me stop you there. I think I'm following you, but explain to me again how you get around Tate, because Tate seems to say that we are not to consider strategy at the first stage. It should only consider it at the second stage. So I know I don't think we're get around Tate. I think in this case, drive straight through Tate because Tate does not. OK, Tate does not stand for the proposition that you that trial strategy can never be a basis at first stage. Because the standard is that clearly in Tate, as I just pointed out, all Tate really did was emphasize and they put emphasis on the arguable. That's what the holding was in Tate. It's that it's this arguable standard. And the facts of Tate happened to be that it was trial strategy and that it was an alibi. And there was an arguable claim from the defense at first stage that that there could be no strategy here. But where the standard has always been and still is to this day, that if the record affirmatively rebuts the claim, say, for example, if there had been a hearing and earlier on and the trial judge said in this case at the bench trial, hey, what are you doing? Why aren't you objecting to this? I mean, it's a bench trial. And he says, no, judge, my strategy is clear. This is what I want to do. Well, clearly, the record would affirmatively rebut that. There would be no reason for a second or third stage hearing to determine counsel's strategy. Similarly, here, as I'm pointing out on page eight in our brief, he explicitly says to the judge what his strategy was. My strategy is to let this video in because I want you to consider all of it because my client has already stepped in it. I think that's a legal term of art during the police investigation. And so I've got to engage in some cleanup. I want you to see the full context of that. And that's my strategy. Tate does not stand for the proposition that that trial strategy can never be. That's not the holding in Tate. Mr. Robinson, let me stop you there. In getting prepared for argument today, I kind of tended to agree with you, but I look for a case that said that I can't find one. Do you have one? No. And in fact, in preparing for argument today, I did. And I did not bring this up because we didn't it was not a big issue in the briefing, I guess, regrettably at this point. But I will say I can tell you as an officer of the court, I did look this up and there's a second district dissent that points out that Tate stands for this proposition. I saw that actually this morning. And so I do know that's out there, but I don't again. But but judge, I guess to me, this really supports my position, which is that the standard is the standard. The standard is does the record affirmatively rebut the claims made a record could always affirmatively rebut any claim because the standard under Tate is, is it arguable and is it arguable under one and two? And one is did it fall below an objective standard? And two is was he prejudiced? And I think sometimes we all get way too far afield on these questions at first stage. The the real baseline is Strickland. Did this fall below an objective standard? And was he prejudiced? Well, how the heck could you ever evaluate one if there was never any circumstance where you could consider trial strategy? I mean, that's simply nonsensical. I don't believe that's what the Supreme Court was saying in Tate. And and I think the explicit holding from Tate says that again, I emphasize it would just happen to be the facts of Tate that that it was trial strategy as to an alibi witness, which makes complete sense. Because only if you didn't have a record that said why you did or didn't call someone as a witness, then you probably need to advance to the second stage and maybe get to the third stage to find out from defense counsel. Hey, did you know about this person? And why didn't you call him? Well, I think anything is arguable. I mean, you could argue the sun is not going to come up in the East Mall. But I think it has to be reasonable, doesn't it? And so it doesn't follow. You're saying under these circumstances, the argument would not be reasonable, because trial counsel announced it was strange. This is in my mind, this is not even close. This comes nowhere near Tate. I mean, this this is kind of my point, because if if if that's the standard, if it's just simply anything's arguable, and you can make an argument, you can craft an argument out of anything, then then it completely erodes the first stage of post conviction proceedings. And now the judicial branch is overstepping into the legislative branch. So that that can't be the standard by default. Well, it isn't couldn't couldn't the first stage of whatever been established so that we're making sure it is a constitutional issue. It's the type of issue that a PC is the reason for PC being allowed. Yeah, it could be. But but again, then you would have to fold in decades of Supreme Court precedent and appellate court precedent that talk about establishing information on the record and and attaching documentation. So, I mean, all of this, it's all, you know, part of the cake mix, so to speak. But it's important ingredients in the cake. And to me, you can't it is nonsensical to say that, that a defense attorney explicitly tells a judge at a bench trial, why he's taking certain action. And then to turn around on appeal and say, we have to send it back and make sure that's what he meant. That that just that's nonsensical. We make that determination third stage. We're not making that decision at this point. The decision regarding what the strategy you're saying. Yeah, this gets sent back because there's been a finding or listen about to get a fine as to what the strategy was. That's the very reason for a third stage here. Right. And that's why I'm saying that would be nonsensical to do that in a total waste of time and judicial resources, because we already have a record of what his strategy was. It couldn't be more explicit. But the review process by doing by by summarily dismissing at first stage. We're that court is undertaking the review process. There's more like a third stage review at the very first stage. You know, this is this is. Well, well, I would respectfully disagree with that judge, because I think what the judge did here was precisely what the Supreme Court has instructed him to do. Look at the record and determine whether this claim survives the first stage. He looked at the record. Probably already knew because he was the judge of the bench trial, but looked at the record and said, hey, as to this point explicitly, he says that. He said that this statement was highly relevant. The court's uncertain as to what unfair prejudice the statement has. So he he wanted this information put before the court or the court heard it. I'm sorry, Judge. Justice, you know. Now, go ahead. Finish. Oh, I'm sorry. And so, again, I just emphatically disagree with with that view of Tate that you and I submit that that's dangerous ground because. It will completely eliminate the first stage of post conviction proceedings because every defendant will claim will will frame every ineffective assistance argument as a trial strategy question. And and I don't believe that Tate stands for that proposition. I just don't having read it. They were emphasizing in that case, the arguable nature of it. By the same token, though, whenever there is trial strategy involved, maybe we're saying if we're going along with your argument that we really could never get to a third stage hearing. Because the trial court then can make these findings that normally would be at the third stage at the first stage. So. No. And maybe I'm not. I'm probably not being as clear as I should judge. What I'm saying is where the where the record affirmatively establishes what the strategy was, where it's clear. Then then a dismissal is appropriate as here. However, in cases where, like the alibi case from Tate, where the record is unclear. Why didn't you call this person? Did you even know about the alibi witness? Then maybe some additional research needs to be done in the second stage and maybe even counsel needs to be called at the third stage to determine what the answer to those questions are. That would be the distinction or fork in the road that I would make. I see. Thank you. What about this, Mr. Robertson? And I might be all wet. Tell me what you think. So we have the bench trial. The judge presides for whatever reason. The judge no longer hears the matter when it comes up for the first stage post conviction decision. Couldn't another judge review the record and find it just arguable using the arguable language? They have a different. Feeling about the case. In this case in particular, Justice Kavanaugh. Absolutely. The record and having not sat through the trial, but they review the record and I'm really keen in on the term arguable was arguably there's a gist of a constitutional issue and effectiveness. Yeah, I would just be cautious that we're not inflating the arguable with a different direction. The judge might have taken if he or she were a trial counsel. So, is there an arguable basis about what the trial strategy should have been? Yeah, maybe. But is there an arguable base of basis about what this lawyer strategy was? No. And the record affirmatively rebutts that that would be the distinction that I would make. And I see that my time's expired. We would just ask this court affirm. Thank you. Is there any rebuttal? Yes, your honors. Please proceed. This is a little difficult. I guess I would have to point out first that all of these arguments about Tate are waived. None of them were included in the briefs and we haven't had a chance to brief them in response. That being said, as far as what Tate means, Tate itself is quite explicit. The direct quote is the state's strategy argument is inappropriate for the first stage. That's not talking about general standards. It's very specifically addressing the use of strategy. As to whether that somehow undermines the first stage of proceedings, I don't see how that even makes sense to claim. There are a lot of ways in which a claim could be rebutted by the record. If the record shows that counsel just didn't make a mistake. If the record shows that the proffered basis doesn't have any role. If the record showed that in point of fact, all of those statements about Jamal Parks were actually admissible. Then yes, that claim would be rebutted by the record and trial strategy wouldn't matter one way or the other. But to suggest that at the first stage where you have a pro se defendant who hasn't who doesn't know the law and certainly can't be expected to counter strategize against whatever his attorney might have thought. Back at trial to suggest that they should be able to respond. Notably, they don't get a chance to respond. This is just something that the circuit court apparently decides while reading the petition. They decide that this was trial strategy. To suggest that that should be placed on a pro se petitioner who's not even supposed to include legal argument or citation to legal authorities under the rubric of whether it is an arguable claim. Oh, I'm sorry, your honor. Did you. To place that under the rubric of whether it's an arguable claim or not is basically to put the petitioner and to ignore all of the language about the low standard of that's leading at the first stage involves it's the gist of a claim and it has to be arguable. As to the specific strategy arguments here, I have to note the idea that counsel strategy. First of all, just calling something strategy does not resolve the question. Strategy has to be sound in order to be immune from challenge and it is at least arguable that any strategy employed here was not sound. There's a reference to the fact that Mr. Walker was acquitted of attempt to murder. That has absolutely nothing to do with whether you believe he was a dupe or a stooge or anything else. He was found guilty based on accountability. If he wasn't found guilty of attempt to murder. That's because the circuit court determined that what the people who were there in the apartment did did not amount to attempt to murder as a legal matter. Once he's being held guilty by accountability. If they did it. He's on the hook for it. And that's all there is to it. We would further note, again, what this strategy if it was a strategy and we would know. Although defense counsel explicitly noted several things that were in the video statement that he thought were not admissible and that he wanted the court to go ahead and look at None of that evidence is what we've challenged here. He did not say anything about any of the park statements as to showing Mr. Walker state of mind. You don't have to substantively admit evidence to show state of mind. It can be admissible for a limited purpose and we weren't objecting and nobody suggested the council should have objected to any of the things Mr. Walker said in response. We haven't even suggested there should have been an objection to whether some of the the detective statements should be admitted on a limited basis, which all of which could have shown all of the things about the And I'm going to preface that by saying you've already cited the appellate court decision. So I know you've read it and it extensively went into why the court in the first place found the defendant guilty. How does that all not apply to what we are looking at today in terms of prejudice. In other words, even if the statement. From the witness. I forgot her name. Now, even if they're not come in, even if The interview shouldn't have come in doesn't look like to me the trial court would have come to any different conclusion. And that is your burden is it not Well, first of all, respectfully honor your honor know at this stage, our burden is just to show that it's arguable that there's It doesn't your argument have to be reasonable. Of course, your honor. And so my question would be based upon what the court. This court said on appeal. How can your argument be reasonable today. Well, your honor. There's a couple of reasons. First of all, we would note that this court's order on appeal was addressing a challenge to the sufficiency of the evidence where a challenge to the sufficiency of the evidence is presented This court is required to view the evidence of the light most favorable to the state and to make any and all reasonable inferences in favor of the state. It is also required to take even an admissible evidence that was admitted without objection for its natural probative value. That is not the case. Now we are raising a claim of ineffective assistance of counsel, which is does not require viewing the record in the light most favorable to the state, nor does it require making all reasonable inferences in their favor. Similarly, this court's prior direct appeal order explicitly relied on some of this evidence about Jamal parks. And again, as we said, we're not saying that was error that was appropriate under those particular circumstances. However, absent That evidence. There is certainly at least an arguable chance that the situation would have resolved itself differently, particularly as noted, given the very, very limited evidence. Against either of these men absent the connection of one of them directly to the offense. So on those for those reasons, we would say that We do think it is at least arguable that there is a reasonable chance of a different outcome. And again, noting the circuit courts explicit reliance, both on the parks evidence and on Darla Powell's Mac statement. Okay, you're out of time. Thank you for your argument. Mr. Robinson. Thank you as well. The case is submitted in the court stands in recess.